AMUSEMENT SUPPLY COMPANY, INC., A CORPORATION[*] OF THE STATE OF NEW YORK, PLAINTIFF-RESPONDENT, v. KAYBE AMUSEMENT CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, AND THE JERSEY CITY AMUSEMENT CO., A CORPORATION OF THE STATE OF NEW JERSEY, AND DOMINION THEATRES CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Submitted October 7, 1941—Decided February 17, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff-respondent, *Dembe & Dembe* (*Harry B. Dembe*, of counsel).

For the defendants-appellants, *Carey & Lane* (*Harry Lane* and *David D. Pindar*, of counsel).

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment for the plaintiff in an action in replevin. The issues were submitted to the court, a jury trial being waived. It appears that the plaintiff sold to the defendant Kaybe Amusement Company, by conditional sales agreement, duly registered, certain pieces of equipment essential to the operation of a motion picture projecting machine, to wit, two lamp houses, one rectifier, two rear shutters and two rheostats, for the sum of $1,032. A credit on some old pieces of equip-ment, in the sum of $132, was allowed by the vendor so that a balance of $900 was due which was to be paid in installments of $75 a month. The vendee defaulted on the installments. The vendee, a lessee of a theatre building in Jersey City owned by the Jersey City Amusement Co., in which the projecting machine was located, also defaulted in the matter of rent due on its lease.

In the replevin suit there was a judgment by default against the vendee, Kaybe Amusement Company. The other defendants, the owner of the building and a succeeding lessee, Dominion Theatres Corporation, defended the suit. Meanwhile the owner of the building, a distrainer for unpaid rent, took title to the equipment of its former tenant which included the chattels in question. The sale under the distress was held May 4th, 1936. Prior to the sale, i. e., on April 2d, 1936, the Jersey City Amusement Company and its then lessee, Dominion Theatres Corporation, were advised that the vendor of the equipment claimed title thereto under the conditional sales agreement.

It is admitted that the certain old parts for which a credit of $132 was given on the conditional sale were taken from "a moving picture apparatus on the premises and used by Kaybe for the purpose of showing moving pictures," and, further, that the projection machine would not work without those parts. There is no dispute but that these old parts which had been removed from the machine installed in the theatre were indispensable for its operation and that the new parts supplied by the vendor were substituted and were also necessary to the operation of the projector. It is also conceded that the said projector for which the equipment was

purchased was located in a portable room, made of asbestos, and was fastened to the floor by angle irons. Thus it is clear that the equipment covered by the conditional sale agreement could be removed without any damage to the realty but that without substitution of like parts the theatre would be unable to show moving pictures. It also appears that the building was used as a moving picture theatre at the time the sales agreement was executed. The trial judge found for the plaintiff and judgment was accordingly entered.

The appellants—the owner of the theatre and the present lessee—contend in the brief that it was error to reject motion for nonsuit and error to deny motion for direction of verdict for the defendant. These points are argued upon the theory that the removal of the goods and chattels sought to be replevied would result in material injury to the freehold, relying on section 7 of the Conditional Sales Act (*R. S.* 46:32-14). Reliance is placed on those cases which hold to the "institution doctrine" in determining what is material injury to the freehold. The argument is that if these articles were removed by the conditional vendor the theatre could not be operated as a moving picture house until replacements were installed, citing *Smyth Sales Co.* v. *Norfolk Building and Loan Association,* 116 *N. J. L.* 293; *B & O Radio, Inc.,* v. *Prudential Life Insurance Co.,* 116 *Id.* 301; *Domestic Electric Co.* v. *Mezzaluna,* 109 *Id.* 574; *Russ Distributing Corp.* v. *Lichtman,* 111 *Id.* 21; *Lumpkin* v. *Holland Furnace Co.,* 118 *N. J. Eq.* 313. We do not think these cases are controlling or apt in the situation presented by the record. Nor can the institution doctrine be said to be pertinent. The removal of a projector part or parts does no material damage to the freehold nor does it damage the institution as such. The trial judge, although he does not expressly say so, must have found that the chattels in question were not so affixed to realty as to become part thereof. The judgment recited that the plaintiff was entitled to the possession of the "chattels" enumerated. To carry the institution doctrine to the extreme for which appellants contend might be justified as a matter of logic but as a practical matter it could lead to absurdities.

The only case cited by appellants that needs any discussion is *Capital Moving Picture Supply Corp.* v. *Mapes-Bergen, &c., Inc.,* 117 *N. J. L.* 185. The facts in that case were quite like the facts in the instant case, the chattels in question being equipment parts of the moving picture machine. But there the trial court found as a fact that the chattels in question were part of the realty. There was some evidence to justify that conclusion and, on appeal, a conclusion of fact arrived at by a fact-finding body, there being evidence to justify that determination, will not be disturbed. On that principle our Court of Errors and Appeals affirmed on that phase of the case (117 *Id.,* at *p.* 188).

The second point urged for reversal is concerned with a ruling on evidence. Without doubt an answer based on hearsay was received. The objection came after the question was answered. When the objection was made no reason was advanced to support it. The court recognized it as hearsay and so stated. There was a motion to strike out a voluntary statement made by the same witness but again no reason was assigned to support the motion to strike out the statement. In any event, the judgment of the court was not rested on this testimony.

The judgment is affirmed, with costs.